NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2177
_____

UNITED STATES OF AMERICA

v.

KIRK DANIEL WHITE,
                                            Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-16-cr-00279-001)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2018

Before: AMBRO, RESTREPO, and FUENTES, Circuit Judges

(Opinion filed: January 24, 2018)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, <u>Circuit Judge</u>

Kirk Daniel White was convicted in 2013 of indecent assault in York County, Pennsylvania. As part of his conviction, he was required to register as a sex offender and to give notice of any address changes under the Sex Offender Registration and Notification Act ("SORNA") and Pennsylvania state law. 18 U.S.C. § 2250; 18 Pa. Cons. Stat. § 4915.1. He registered in October of 2015 at a Lyoming County address. When Pennsylvania State Police conducted a compliance check in March of 2016, however, they discovered White was not living there. A state police officer spoke to White by phone that month, inquiring into his failure to correct his registration. White explained he had struggled to find approved housing and planned to move back to York County. But in fact he was living with his girlfriend, who was then pregnant, in Maryland, where he hoped to stay until the birth of their second child. He had intentionally declined to correct his registration because he believed he would be immediately arrested for violating his York County parole.

White ultimately was arrested on a warrant issued by Lyoming County for failure to register. When he was released on bail, he voluntarily corrected his registration. He was then arrested again on a York County warrant for violating his parole.

Several weeks later, a federal warrant was issued for White's arrest for failure to register under SORNA. White entered a guilty plea without a plea agreement. At sentencing, he asked the District Court to apply the three-level reduction under the Sentencing Guidelines for defendants who "voluntarily . . . corrected the failure to register." U.S.S.G. § 2A3.5(b)(2)(A). According to the commentary to

2

§ 2A3.5(b)(2)(A), to qualify for the reduction, "the defendant's voluntary attempt . . . to correct the failure to register must have occurred prior to the time the defendant knew or reasonably should have known a jurisdiction had detected the failure to register." *Id.* cmt. n.2(A).

White admitted to knowing he might be arrested by only state—not federal—law enforcement before he corrected his registration. He argued that because he voluntarily corrected after the state police had completed their investigations and before he had any reason to know a federal investigation was underway, he qualified for the sentencing reduction. The District Court rejected White's argument and sentenced him to 24 months' imprisonment under U.S.S.G. § 2A3.5(a)(3). He now appeals.

We exercise plenary review of the District Court's interpretation of the Guidelines and review its factual determinations for clear error, *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007), and we affirm. Despite White's arguments, for which he cites no relevant authority, the commentary to § 2A3.5(b)(2)(A) does not distinguish between state and federal jurisdictions. It precludes the sentencing reduction if he knew "*a* jurisdiction had detected [his] failure to register." U.S.S.G. § 2A3.5(b)(2)(A) cmt. n.2(A) (emphasis added). White acknowledged he had reason to know "*a* jurisdiction," namely either York County where he was on parole or Lyoming County where he was no longer living, "had detected [his] failure to register." Indeed, he did not correct his registration until after he was arrested for failing to do so.

Thus the District Court's sentence is affirmed.

3